

### *State of New Jersey*

| | | |
|---|---|---|
| Philip D. Murphy<br>*Governor* | Office of the Attorney General<br>Department of Law and Public Safety<br>Division of Law<br>25 Market Street; PO Box 112<br>Trenton, NJ 08625-0112 | Andrew J. Bruck<br>*Acting Attorney General* |
| Sheila Y. Oliver<br>*Lt. Governor* | | Michelle L. Miller<br>*Director* |

October 14, 2021

<u>Via Electronic Filing</u>
Hon. William J. Martini, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street, Rm. 4015
Newark, NJ 07101

Re:    <u>Elizabeth McNair, Administrator Ad Prosequendum of the Estate of Darrell</u>
       <u>Smith, and Elizabeth McNair, individually v. State of New Jersey, et al</u>
       Civil Action No. 2:21-cv-01291 (WJM)(CLW)

Dear Judge Martini,

Our office represents Defendants State of New Jersey, New Jersey Department of Corrections, Special Treatment Unit, Adult Diagnostic Treatment Center, Commissioner Marcus Hicks, the New Jersey Department of Health, and Raymond Royce ("State Entity Defendants") in the above-captioned matter. As Defendant Royce was just recently served in this matter (*ECF No. 75, 82*), we had not entered an appearance on his behalf at the time of filing the additional State Entity Defendants' Motion to Strike Paragraphs 182-205 of Plaintiff's Amended Complaint, pursuant to *Fed. R Civ. P. 12(f)* and Motion for Partial Dismiss, pursuant to *Fed. R. Civ. P. 12(b)(6)*. *ECF No. 32, 63*. The motions are currently returnable November 1, 2021. Royce respectfully writes to join in the Motion to Strike in full and the Motion to Dismiss as applicable, discussed further herein. A revised proposed form of Order for the Motion to Dismiss is attached.

Royce has been sued in this matter in both his official and individual capacities. *ECF No. 3*, ¶17. Therefore, Royce joins in Point I ("Plaintiff's Civil Rights Claims against the State Entity Defendants should be Dismissed Because They Are Not 'Persons' Subject to Liability under 42 U.S.C. 1983") and Point III ("The State is Immune from Liability for Intentional Torts, including Intentional Infliction of Emotional Distress") of the pending Motion to Dismiss to the extent he has been sued in his official capacity. This point pertains to Counts I, VI-VIII, XII-XIII, and XV. Although the moving brief also discusses Counts II and III, Royce was not named in those claims.

Plaintiff's claims against Royce have been brought against him with regard to his position as Administrator and his responsibility for day to day operations and supervision at the facility, along with implementation of policies and procedures and overseeing the care of inmates and

residents[1]. *Id.* at ¶17-18. Royce is included in allegations regarding supervision, hiring, firing, disciplining, training, and oversight of correctional officers and residents. *Ibid.* He therefore also joins in Point II in Defendants' moving brief ("The State Entity Defendants are Not Liable under the Doctrine of Respondeat Superior"). This point pertains to Counts I, VI-VII, and X-XI (as Royce was not pled in Counts II and III).

Royce has also been included in the group "Supervising Defendants," along with five other Co-Defendants, where the group is alleged to have been present, participated, or have knowledge of the assaults. *Id.* at ¶35, ¶38. However, aside from this conclusory inclusion as a supervisor of the prison, Royce has not been alleged to have personally struck Smith, to have had any personal involvement, or that he was present. *Id.* at ¶81, ¶84, ¶92-93. Instead, it is merely alleged that the beatings occurred under his supervision or that of Hicks. *Id.* at ¶167. Counts I (excessive force), VI (conspiracy), VIII (cruel and unusual punishment), XIV (First Amendment retaliation), and XV (NIED, IIED) as against Royce should be dismissed for failure to plead any personal involvement. Royce therefore also joins in Point IV ("Plaintiff Has Not Set Forth Any Facts against the State Entity Defendants for a Viable First Amendment Retaliation Claim").

For the reasoning herein and set forth in Defendants' Motion for Partial Dismissal (*ECF No. 63*), Defendant Royce respectfully seeks dismissal of the claims against him as set forth in the Revised proposed form of Order attached.

Respectfully,

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:     /s/ Stephanie Trotter
        Stephanie Trotter
        Deputy Attorney General

cc:     Via e-filing
        *Counsel for all parties*

---

[1] The facts alleged in Plaintiff's Amended Complaint and referenced herein are only taken as true for purposes of the Motion to Dismiss, pursuant to *Fed. R. Civ. P.* 12(b)(6).