

**CARMAGNOLA & RITARDI, LLC**
ATTORNEYS AT LAW

60 WASHINGTON STREET - MORRISTOWN, NJ 07960
T. 973.267.4445    F. 973.267.4456
WWW.CR-LAW.NET

**JESSICA A. MEREJO**
Jmerejo@cr-law.net

November 11, 2021

**Via Electronic Filing**
Hon. Cathy Waldor, U.S.M.J.
U.S. District Court, District of New Jersey
MLK Federal Building & Courthouse
50 Walnut Street - Room 4040
Newark, NJ 07102

      Re:    **Elizabeth McNair, Administrator Ad Prosequendum of the Estate of Darrell Smith, and Elizabeth McNair, individually v. State of New Jersey, et al.**
             **Civil Action No. 2:21-cv-01291 (WJM(CLW)**

Dear Judge Waldor:

    This firm represents Defendant Officer Damian Gilbert (improperly plead as Damion Gilbert) in the above captioned matter. Please accept this letter brief in lieu of a more formal reply regarding Defendants' Motion to Strike Paragraphs 182-205 from Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(f) ECF Nos. 32, 84. Please be aware that Plaintiff's opposition was due on November 1, 2021, but instead was untimely filed on November 6, 2021. Accordingly, it is respectfully requested that the court accept Defendant Damion Gilbert's reply letter brief in further support of Defendants' Motion to Strike.

**LEGAL ARGUMENT**

Hon. Cathy Waldor, U.S.M.J.
November 11, 2021
Page 2

I.   **Defendants' Motion to Strike Paragraphs 182-205 of Plaintiff's First Amended Complaint Should Be Granted As They Are Immaterial, Scandalous, and Prejudicial.**

As noted in Defendants' initial moving papers, Fed. Civ. R. 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).

In response to Defendants' Motion, Plaintiff's Opposition improperly relies upon DeGroot v. Muccio, 115 N.J. Super. 15 (Law Div. 1971) is misguided and distinguishable.  In DeGroot, the plaintiffs filed an action against defendants for wrongful prosecution of plaintiff DeGroot, who was tried for murder and acquitted. 115 N.J. Super. at 19.  The defendants moved to strike the plaintiffs' amended complaint because it contained "scandalous" allegations that defendants knowingly permitted witnesses to commit perjury. Id.  The court denied the defendants' motion to strike as the allegations contained in the amended complaint were directly relevant to the plaintiffs' grievance. Id.

Likewise, plaintiff mistakenly relies on U.S. v. Coney, 689 F.3d 365 (5th Cir. 2012).  In Coney, the government filed a suit against the defendant regarding the tax liability owed by the defendant and her deceased husband.  Id. at 368.  The government contended that defendant's tax liabilities were excepted from bankruptcy discharge pursuant to 11 US.C. 523 (a)(1)(C) as the defendant and her husband willfully attempted to evade the taxes at issue. The defendant moved

Hon. Cathy Waldor, U.S.M.J.
November 11, 2021
Page 3

to strike statements from the government's summary judgment filings, which alleged that the corporation owned by defendant's deceased husband filed fraudulent tax returns for the relevant years and that the defendant's tax attorney helped the defendant and her husband file false returns. Id. at 379. The court denied the defendant's motion to strike because the disputed allegations "were material and pertinent to the underlying controversy because filing a fraudulent tax return is an alternative basis for non-dischargeability under 11 U.S.C. § 523(a)(1)(C)." Id. at 379.

Unlike the matters in DeGroot and Muccio, Plaintiff's First Amended Complaint refer to matters wholly unrelated to this case. See Plaintiff's First Amended Compl. ¶¶ 182-205. Specifically, Plaintiff references allegations of sexual misconduct occurring at the Edna Mahan Correctional Facility. See Pl.'s First Amended Compl. at ¶¶ 182-190. The aforementioned paragraphs do not involve Plaintiff, the alleged incident at issue, the Adult Diagnostics Treatment Center nor the individual defendants.

Plaintiff's inclusion of a prior matter involving the ADTC is over a decade old and said incident neither involves Mr. Smith nor the individual defendants in this litigation. See Pl.'s First Amended Compl. at ¶¶ 191-205. The paragraphs are nothing more than mere speculations which neither contribute to the substantive elements of Plaintiff's claims. Moreover, *Fed. R. Civ. P. 8* 'requires only a short and plain statement of the claim that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). The only purpose these

Hon. Cathy Waldor, U.S.M.J.
November 11, 2021
Page 4

Paragraphs serve is to prejudice Defendants. See Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice.").

## CONCLUSION

For the above reasons, and set forth in Defendants' moving papers, Defendants respectfully request that the Court grant State Defendants' motion.

Respectfully submitted,

**CARMAGNOLA & RITARDI, LLC**
Attorney(s) for Defendant, Damian Gilbert

/**s**/ *Jessica A. Merejo*

_____
JESSICA A. MEREJO
For the Firm

JAM/ns

cc:   All Counsel of Record (via electronic filing)
      Domenick Carmagnola, Esq.