| | |
|---|---|
| ELIZABETH MCNAIR, Administrator Ad Prosequendum of the Estate of Darrell Smith, and ELIZABETH MCNAIR, individually,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEW JERSEY, et al,<br><br>Defendants, | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br><br>Civil Action<br><br>No. 2:21-cv-01291<br>(WJM) (CLW) |

BRIEF IN SUPPORT OF DEFENDANTS STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, SPECIAL TREATMENT UNIT, ADULT DIAGNOSTIC TREATMENT CENTER, COMMISSIONER MARCUS HICKS, RAYMOND ROYCE, AND THE NEW JERSEY DEPARTMENT OF HEALTH'S PARTIAL MOTION TO DISMISS IN LIEU OF ANSWER PURSUANT TO *FED. R. CIV. P.* 12(b)(6)

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
By: Stephanie D. Trotter, DAG
Stephanie.Trotter@law.njoag.gov
Victor DiFrancesco, Jr., DAG
Victor.DiFrancesco@njoag.gov
*Attorney for Defendants State of New Jersey, NJ DOC, Special Treatment Unit, Adult Diagnostic Treatment Center, Marcus Hicks, Acting Commissioner Victoria Kuhn, Raymond Royce, and NJ DOH*

Stephanie D. Trotter [242102018]
Victor DiFrancesco, Jr. [005551991]
Deputy Attorneys General
    On the Brief

**TABLE OF CONTENTS**

                                                               **Page**

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS........................................................2

ARGUMENT ..............................................................................................................................4

    POINT I

        PLAINTIFF'S CIVIL RIGHTS CLAIMS AGAINST THE STATE ENTITY DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY ARE NOT "PERSONS" SUBJECT TO LIABILITY UNDER 42 U.S.C. § 1983 ................................................................................5

    POINT II

        THE STATE ENTITY DEFENDANTS ARE NOT LIABLE UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR ................................8

    POINT III

        THE STATE IS IMMUNE FROM LIABILITY FOR INTENTIONAL TORTS, INCLUDING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS........................................................10

    POINT IV

        PLAINTIFF HAS NOT SET FORTH ANY FACTS AGAINST THE STATE ENTITY DEFENDANTS FOR A VIABLE FIRST AMENDMENT RETALIATION CLAIM. ............................................................11

CONCLUSION..........................................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allah v. Seiverling*,
   229 F.3d 220 (3d Cir. 2000)..................................................................................................11

*Anderson v. Davila*,
   125 F.3d 148 (3d Cir. 1997)..................................................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................................4, 5

*Baker v. Monroe Twp.*,
   50 F.3d 1186 (3d Cir. 1995)....................................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................................4

*Bistrian v. Levi*,
   696 F.3d 352 (3d Cir. 2012)....................................................................................................4

*Blanciak v. Allegheny Ludlum Corp.*,
   77 F.3d 690 (3d. Cir. 1995).....................................................................................................6

*Bonitis v. NJT*,
   363 N.J. Super. 505 (App. Div. 2003)...................................................................................10

*Brandon v. Holt*,
   469 U.S. 464 (1985)............................................................................................................5, 7

*Brown v. State*,
   230 N.J. 84 (2017) ..................................................................................................................7

*Brown v. State*,
   442 N.J. Super. 406 (App. Div. 2015) ....................................................................................7

*Didiano v. Balicki*,
   488 Fed. Appx. 634 (3d Cir. 2012).........................................................................................7

*Edelman v. Jordan*,
   415 U.S. 651 (1974)................................................................................................................7

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009).................................................................................................... 4

*Gittlemacker v. Prasse*,
    428 F.2d 1 (3d Cir. 1970) ................................................................................................ 8

*Jimenez v. New Jersey*,
    245 F. Supp. 2d 584 (D.N.J. 2003) ................................................................................ 8

*Millburn Police Officer Gino Baldani v. Township of Millburn*,
    2008 U.S. Dist. Lexis 74969 (D.N.J. 2008) ................................................................. 10

*Polk County v. Dodson*,
    454 U.S. 312 (1981) ....................................................................................................... 8

*Rasmussen v. Larson*,
    863 F.2d 603 (8th Cir. 1988) ......................................................................................... 8

*Rauser v. Horn*,
    241 F.3d 330 (3d Cir. 2001) ........................................................................................ 11

*Rode v. Dellarciprete*,
    845 F.2d 1195 (3d Cir. 1988) ........................................................................................ 8

*Soto v. City of Newark,*
    72 F. Supp. 489 (D.N.J. 1999) .................................................................................... 10

*Thaddeus-X v. Blatter*,
    175 F.3d 378 (6th Cir. 1999) ...................................................................................... 11

*Warnett v. Correctional Medical Services,*
    2008 U.S. Dist. Lexis 25961 (D.N.J. 2008) ................................................................ 10

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989) ............................................................................................. 5, 6, 7, 8

## Statutes

42 U.S.C. § 1983 ................................................................................................................ 5, 6, 7

N.J.S.A. 10:6-1 .......................................................................................................................... 7

N.J.S.A. 59:2-10 ...................................................................................................................... 10

## Other Authorities

*Fed. R. Civ. P.* 8(a)(2) ............................................................................................................. 5

*Fed. R. Civ. P.* 12(b)(6) .......................................................................................................... 4

## **PRELIMINARY STATEMENT**

Plaintiff Elizabeth McNair filed this action on behalf of the Estate of her brother, Darrell Smith, and individually against the State of New Jersey, New Jersey Department of Corrections, New Jersey Department of Health, two State facilities: the Adult Diagnostic Treatment Center and the Special Treatment Unit, DOC Commissioner Hicks, and Raymond Royce (collectively, "State Entity Defendants"), as well as various medical Co-Defendants and employees of both DOC and the medical Co-Defendants. McNair seeks to hold Defendants liable for an alleged attack on her brother and failure to provide medical care resulting in his death in August 2019. Smith was a resident civilly committed to the STU at the time, a State facility.

Because the State Entity Defendants are not "persons" subject to suit for claims brought under 42 U.S.C. § 1983 or its closely-modeled State statute, the New Jersey Civil Rights Act, many of McNair's claims should be dismissed, including her claims for: excessive force (Count I), assault and battery (Count II), unlawful seizure (Count III), conspiracy (Count VI), failure to intervene (Count VII), cruel and unusual punishment (Count VIII), "special relationship" (Count XII), and her claim for NJ Civil Rights Act violations (Count XIII). Further, the State Entity Defendants are not liable under a theory of respondeat superior or for intentional torts and so Counts I-III, VI-VII mentioned above, as well as McNair's claims for supervisor liability (Count X), negligent hiring, training, supervision, retention (Count XI), and intentional infliction of emotional distress (Count XV) should also be dismissed. Lastly, McNair failed to set forth a viable claim against the State Entity Defendants for retaliation in violation of the First Amendment and Defendants respectfully request dismissal of that claim (Count XIV), as well.

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**[1]

This matter was initiated on January 28, 2021 by Plaintiff Elizabeth McNair as Administrator ad Prosequendum of the Estate of Darrell Smith and in her individual capacity. *ECF No. 1*. On November 16, 2021, McNair filed her Second Amended Complaint. *ECF No. 100*. McNair brings suit against Defendants State of New Jersey, New Jersey Department of Corrections (DOC), New Jersey Department of Health (DOH), the Adult Diagnostic Treatment Center (ADTC), the Special Treatment Unit (STU), as well as former Commissioner Marcus Hicks and Raymond Royce, in their individual and official[2] capacities (collectively, "State Entity Defendants"), as well as Co-Defendants Rutgers, the State University of New Jersey and University Correctional Health Care (collectively, "Medical Defendants"). *Ibid.* McNair also brings suit against various employees of DOC and Rutgers. *Ibid.*

McNair's brother, Darrell Smith, who was a resident civilly committed to the STU, died on August 28, 2019 at the JFK Medical Center in Edison, New Jersey after transport from the facility on August 26, 2019. *ECF No. 100*, p.5, ¶1-2. McNair claims Smith was brutally attacked by correctional officers employed by DOC and then DOC employees, as well as medical personnel employed Rutgers, failed to provide him with medical care. *Id.* at 5-6, ¶2-3. She claims, "Darrell Smith died because of a deliberate refusal by the individually named Defendants to promptly provide him with the necessary medical care and attention to treat his serious injuries, and/or other life threatening conditions." *Id.* at 6, ¶4. McNair has grouped the individual DOC employees as "Assaulting Officers" and "Supervising Defendants." *Id.* at 12-13, ¶34-35, ¶37-38.

---

[1] The allegations set forth in Plaintiff's Amended Complaint are accepted as fact only for purposes of this motion pursuant to the Federal Rules of Court.

[2] As discussed further in Point I, to the extent Commissioner Hicks has been sued in his official capacity, the claims transfer with the position to Acting Commissioner Victoria Kuhn as Hicks is no longer in office.

Specifically, McNair claims that on August 23, 2019, Smith asked another resident to bring leftover food to his room after breakfast to which Co-Defendant Powell yelled at the resident and told him/her not to bring the food to Smith, calling Smith a thief and other insults. *ECF No. 100*, p.17-19, ¶53, ¶61-62, ¶65. Allegedly, a physical assault on Smith began when Co-Defendant Mandara got involved, resulting in Powell calling a Code 33 for assistance to which other "Assaulting Officers" responded and joined in the physical attack. *Id.* at p.20-22, ¶74, ¶79-81. McNair claims the Assaulting Officers and Supervising Defendants then fabricated reports and refused to call for medical assistance but put Smith on constant watch status. *Id.* at 23, ¶86-87, ¶89.

McNair claims Smith was assaulted again by the Assaulting Officers between August 23, 2019 and August 26, 2019 while on constant watch or in the infirmary, escorted to medical, and then put back on constant watch status until August 26, 2019. *ECF No. 100*, p.24, ¶92-93, ¶96-97. He was then transported to JFK hospital where it was determined that he had had an ischemic stroke and passed away on August 28, 2019. *Id.* at 31, ¶134-35, ¶137.

McNair has brought the following claims against the State Entity Defendants:

> Count I – Excessive Force v. DOC, STU, ADTC, Hicks (¶213-14)
> Count II – Assault and Battery v. DOC, STU, ADTC (¶224-25)
> Count III – Unlawful Seizure v. DOC, STU, ADTC (¶232-33)
> Count IV – Negligence/Medical Malpractice v. All (¶234-35, ¶237, ¶257, ¶270)
> Count V – Negligence v. All (¶276, ¶278-79)
> Count VI – Conspiracy v. All (¶288, ¶292-93)
> Count VII – Failure to Intervene v. DOC, STU, ADTC (¶298-99)
> Count VIII – Cruel and Unusual Punishment v. DOC, STU, ADTC (¶305)
> Count IX – Deliberate Indifference to Medical Needs v. All (¶315, ¶318)
> Count X – Supervisor Liability v. DOC, STU, ADTC (¶330)
> Count XI – Negligent Hiring, Training, Supervision, Retention v. DOC, DOH,
>     Hicks (¶332, ¶341-42)
> Count XII – "Special Relationship" under 1983, NJ CRA, NJ Constitution v. All
>     (¶343, ¶350)
> Count XII – N.J. Civil Rights Act violations v. All
> Count XIV – First Amendment retaliation v. All

>Count XV – Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress v. All
>Count XVI – Wrongful Death and Survivorship v. All

[*ECF No. 100*].

The State Entity Defendants now move for dismissal of Plaintiff's claims against them in part.

## ARGUMENT

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of the claim. The court must "accept as true all well-pled factual allegations" and draw all reasonable inferences in favor of the plaintiff. *Bistrian v. Levi*, 696 F.3d 352 n.1 (3d Cir. 2012); *Fowler*, 578 F.3d at 210-11. The court may, however, "disregard any legal conclusions." *Fowler*, 578 F.3d at 210.

The court must then determine whether the facts alleged in the complaint are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft*, 556 U.S. at 679). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 550 U.S. at 662. A complaint that merely alleges entitlement to relief, without alleging actual facts that would show entitlement, must be dismissed. *See Fowler*, 578 F.3d at 211 (3d Cir. 2009)

A complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to relief. *Iqbal*, 556 U.S. at 678. When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id.* (citing *Fed. R. Civ. P.* 8(a)(2)) (quotations omitted) (brackets omitted).

For the reasoning set forth below, Plaintiff's claims should be dismissed to the extent they failed to state a claim upon which relief may be granted.

### POINT I

### PLAINTIFF'S CIVIL RIGHTS CLAIMS AGAINST THE STATE ENTITY DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY ARE NOT "PERSONS" SUBJECT TO LIABILITY UNDER 42 U.S.C. § 1983.

Plaintiff's Complaint attempts to state claims for constitutional violations pursuant to 42 U.S.C. § 1983 against the State of New Jersey, New Jersey Department of Corrections (DOC), New Jersey Department of Health (DOH), two facilities: the Adult Diagnostic Treatment Center (ADTC) and Special Treatment Unit (STU), as well as DOC's former Commissioner Hicks and Administrator Raymond Royce in both their official and individual capacities. *ECF No. 100*, Counts I, XII. Since the filing of Plaintiff's Amended Complaint, Hicks has resigned as Commissioner and the position is now filled by Acting Commissioner Victoria Kuhn. The claims against Hicks in his official capacity must be transferred to Kuhn as the claim runs with the position. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

5

Even so, those claims must be dismissed because, in her official capacity, the Kuhn, the Acting Commissioner, and Royce are not "persons" subject to liability as defined by these statutes and neither is the State or its agencies. The provision states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

A State, agency, or an official of the State acting in his or her official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 (1989). *See also, Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d. Cir. 1995). To be liable within the meaning of the statute, a defendant must be a "person." The Supreme Court of the United States has held that "States are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1995), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Additionally, in *Will*, the Supreme Court specifically held that state agencies and officials acting in their official capacity are not "persons" under § 1983. 491 U.S. at 70-71. The Supreme Court also found that, in enacting § 1983, Congress did not intend to override well-established common law immunities or defenses, specifically that of a state not to be sued without its consent. *Will*, 491 U.S. at 71. While § 1983 is a remedy for an official violation of federal rights, it "does not suggest that the State itself was a person that Congress intended to be subject to liability." *Id.* at 68.

6

The NJCRA, N.J.S.A. 10:6-1 et seq., was intended to provide a state remedy for civil rights violations, and as such is closely modeled after § 1983. It was designed to "incorporate and integrate seamlessly" with existing civil rights jurisprudence. Governor's Statement Upon Signing Assembly Bill No. 2073 (2004). Moreover, the NJCRA did not override existing statutes of limitations, waive immunities, or alter jurisdictional or procedural rules "that are otherwise applicable to the assertion of constitutional or statutory rights." *Id.* In short, it is "a State analog to [§ 1983]." *Id.*

Here, Plaintiff's civil rights claims alleged against the State Entity Defendants should be dismissed. *Didiano v. Balicki*, 488 Fed. Appx. 634, 638 (3d Cir. 2012); *see also Brown v. State*, 442 N.J. Super. 406, 425-26 (App. Div. 2015), *rev'd on other grounds*, *Brown v. State*, 230 N.J. 84 (2017). The claims are not permitted against the State or its agencies and to the extent they are against the DOC Commissioner and Royce, in their official capacities, they are against the officials' office amounting to a suit against the State itself. *Will*, 491 U.S. at 71, citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985). The party in interest is the government entity, not the named official. *Id.*, citing *Edelman v. Jordan*, 415 U.S. 651, 663-65 (1974). Therefore, Plaintiff's claims for Excessive Force (Count I), Assault and Battery (Count II), Unlawful Seizure (Count III), Conspiracy (Count VI), Failure to Intervene (Count VII), Cruel and Unusual Punishment (Count VIII), "Special Relationship" (Count XII), and her claim for NJ Civil Rights Act violations (Count XIII), brought under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, should be dismissed against these Defendants.

## POINT II

### THE STATE ENTITY DEFENDANTS ARE NOT LIABLE UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR.

Many of Plaintiff's claims against the State Entity Defendants are based solely upon an impermissible theory of respondeat superior. Specifically, Plaintiff's claims for Excessive Force (Count I), Assault and Battery (Count II), Unlawful Seizure (Count III), Conspiracy (Count VI), Failure to Intervene (Count VII), Supervisor Liability (Count X), and Negligent, Hiring, Training, Supervision, Retention (Count XI) are based upon respondeat superior for which the State, its agencies, and employees cannot be held liable. *See ECF No. 100*, p.53, ¶214; p.55, ¶224; p.57, ¶232; p.64, ¶270; p.70, ¶292; p. 71, ¶298; p.80, ¶330. Supervisory liability under § 1983 cannot be predicated solely upon a theory of respondeat superior. *Jimenez v. New Jersey*, 245 F. Supp. 2d 584, 586 n. 3 (D.N.J. 2003), citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.
>
> [*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).]

"Actual knowledge and acquiescence" suffice for supervisory liability because it can be equated with "personal direction." *Rode*, supra. Furthermore, while knowledge can be inferred from circumstances, it nevertheless must be actual knowledge. *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995). *See also* at 1201 n. 6 (Alito, C.J. concurring and dissenting).

A plaintiff "must portray specific conduct by state officials which violates some constitutional right." *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970); *see also Rasmussen v.*

8

*Larson*, 863 F.2d 603 (8th Cir. 1988) (holding § 1983 liability would not be held against supervisory officers absent a showing of personal and direct involvement in the alleged constitutional violation).  Plaintiff has not made that showing here.

Plaintiff's Amended Complaint alleges that Co-Defendant correctional officers were acting as employees or agents of DOC, the ADTC, the STU, or Commissioner Hicks and therefore DOC is liable for any wrongful acts or conduct on the individuals' behalf. *ECF No. 100*, p.53, ¶214; p.55, ¶224; p.57, ¶232; p.64, ¶270; p.70, ¶292; p.71, ¶298; p.79, ¶330. However, the complaint does not allege that DOH, DOC, its facilities, or its Commissioner had any personal involvement in the alleged claims. Plaintiff's complaint does not allege that the State Entity Defendants directed any of the individuals to act in a way that would deprive Plaintiff of his constitutional rights or that it had actual knowledge of and acquiesced in the alleged violation of Plaintiff's constitutional rights. Because the Complaint is completely devoid of any factual allegations that would support a claim against the State Entity Defendants for personal involvement in this matter, they are entitled to dismissal of Plaintiff's Counts I, II, III, VI, VII, X, XI. Plaintiff's claims against Royce have also been brought against him with regard to his position as Administrator and his responsibility for day to day operations and supervision at the facility, along with implementation of policies and procedures and overseeing the care of inmates and residents. *ECF No. 100*, ¶17-18. He is included in allegations regarding supervision, hiring, firing, disciplining, training, and oversight of correctional officers and residents. *Ibid.* Although he is not named in Counts II and III, Counts I, VI-VII, and X-XI should be dismissed as pled against him.

**POINT III**

**THE STATE IS IMMUNE FROM LIABILITY FOR INTENTIONAL TORTS, INCLUDING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

N.J.S.A. 59:2-10 gives public entities immunity for intentional misconduct:

> A public entity is not liable for the acts or omissions of a public employee *constituting a crime, actual fraud, actual malice, or willful misconduct*. (Emphasis added).

In *Bonitis v. NJT*, 363 N.J. Super. 505, 519 (App. Div. 2003), the Appellate Division recognized that malicious prosecution, misuse and abuse of process, intentional infliction of emotional distress, and invasion of privacy, are all intentional torts.

Consistent with this, there are numerous cases holding that 59:2-10 gives public entities absolute immunity from intentional infliction of emotional distress lawsuits. *Soto v. City of Newark*, 72 F. Supp. 489 (D.N.J. 1999); *Warnett v. Correctional Medical Services*, 2008 U.S. Dist. Lexis 25961 (D.N.J. 2008); *Millburn Police Officer Gino Baldani v. Township of Millburn*, 2008 U.S. Dist. Lexis 74969 (D.N.J. 2008). Count XV of Plaintiff's Complaint alleges both intentional infliction of emotional distress, and negligent infliction of emotional distress. *ECF No. 100*, Count XV. To the extent Plaintiff's claim seeks damages against the State Entity Defendants for intentional infliction of emotional distress, the claim should be dismissed with prejudice.

To the extent the claim has been pled against Hicks in his individual capacity, there are no facts alleged to support the claim and it should be dismissed for failure to state a claim. *See ECF No. 100*, Count XV. To the extent this claim has been pled against Royce in his individual capacity, there are not sufficient facts pled against him for this claim. Although Royce has been included in the group "Supervising Defendants," along with five other Co-Defendants, there are no other facts

aside from the conclusory inclusion as a supervisor of the prison that he personally struck Smith, had any personal involvement or that he was present. *ECF No. 100*, ¶81, ¶84, ¶92-93.

## POINT IV

### PLAINTIFF HAS NOT SET FORTH ANY FACTS AGAINST THE STATE ENTITY DEFENDANTS FOR A VIABLE FIRST AMENDMENT RETALIATION CLAIM.

In her claim for retaliation against the State Entity Defendants, McNair only includes allegations against Co-Defendants Powell and Mandara. *ECF No. 100*, p.87, ¶362-63. In order to prevail on a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). *See also Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997) (citations omitted); *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in *Allah*, 229 F.3d at 225.

Here, McNair pleads her claim for First Amendment retaliation against all Defendants. *ECF No. 100*, Count XIV. However, in this count, she alleges that the attack against Smith was in retaliation for him making statements to Co-Defendant Powell. *ECF No. 100*, p.87, ¶362. While she has grouped an entire group of individuals as "assaulting officers," Hicks is not alleged anywhere in the Amended Complaint as having been a participant in any attack against Smith and the DOC, ADTC, STU, and DOH are State entities. Again, while Royce has been included in the group "Supervising Defendants," along with five other Co-Defendants, there are no other facts aside from the conclusory inclusion as a supervisor of the prison that he personally struck Smith,

11

had any personal involvement or that he was present. *ECF No. 100*, ¶81, ¶84, ¶92-93.  Count XIV should be dismissed as against the State Entity Defendants as Plaintiff has failed to state this claim as pled against them.

## CONCLUSION

For the above reasons, Plaintiff's claims alleged in Counts I, VI-VIII, X-XV against the State Entity Defendants should be dismissed and Counts II and III should be dismissed as to all of the State Entity Defendants with the exception of Royce as these claims were not pled against him.

        Respectfully submitted,

        ANDREW J. BRUCK
        ACTING ATTORNEY GENERAL OF NEW JERSEY

By:    /s/ Stephanie Trotter
       Stephanie Trotter
       Deputy Attorney General

       /s/ Victor DiFrancesco
       Victor DiFrancesco
       Deputy Attorney General

Dated: December 14, 2021